NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50187 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00569-RGK-1 |
| v. | |
| JESUS CONTRERAS, AKA Chewy, AKA Chuey, AKA Chuy, AKA Alejandro Contreras, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 16, 2023
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,** District
Judge.

Jesus Contreras ("Contreras") appeals the district court's denial of his

motion to suppress evidence found in a consent search during a traffic stop. He

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

argues that officers unreasonably prolonged an otherwise lawful traffic stop to search for criminal activity involving drugs and weapons. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review de novo the legal conclusions underlying a motion to suppress and its factual findings for clear error. *See United States v. Bontemps*, 977 F.3d 909, 913 (9th Cir. 2020). We affirm.

1. We agree with the district court that officers did not unreasonably prolong the traffic stop in violation of the Fourth Amendment. During the first few minutes of the traffic encounter, and before consent to search the vehicle was obtained, the officers acted diligently in their traffic-related duties and took appropriate safety precautions to effectuate the traffic stop. *See Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (explaining that officers do not exceed the scope of a traffic stop when their actions "address the traffic violation that warranted the stop and attend to related safety concerns") (citations omitted). Officers were permitted to ask Contreras about his supervisory release status as an ordinary inquiry incident to a traffic stop. *See United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023) (holding that police officers did not measurably prolong traffic stop by asking defendant about his arrest history). Officers were also allowed to conduct a criminal records search. *See United States v. Hylton*, 30 F.4th 842, 848 (9th Cir. 2022) (holding that police officers did not need independent reasonable suspicion to perform a criminal history check during a traffic stop).

2

Likewise, the interest in officer safety justified Officer Gonzalez's decision to wait for his partner to complete the pat down of Contreras before proceeding to the patrol car to conduct the criminal records search.

We reject Contreras's argument that the mere request for consent to search the vehicle itself resulted in an unlawful prolongation of the traffic stop. A traffic stop is not unreasonably prolonged where, as here, one officer asks for and receives consent to search a vehicle *while* a second officer conducts a lawful records search. *United States v. Mendez*, 476 F.3d 1077, 1079–80 (9th Cir. 2007); *see also Rodriguez*, 575 U.S. at 355 (observing that officers may conduct certain unrelated checks during an otherwise lawful traffic stop so long as these activities do not prolong the stop).

2. We review the district court's determination that Contreras voluntarily consented to the vehicle search for clear error. *See United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002). The voluntariness of consent depends on a holistic review of five factors: "(1) whether the defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the defendant was notified that [they] had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained." *Id.* Although a heightened degree of restraint occurs when an individual is placed in handcuffs, the use of such restraints does not necessarily render

consent involuntary.  *See United States v. Kaplan*, 895 F.2d 618, 622 (9th Cir. 1990) ("The fact that consent was given while under arrest does not, in an of itself, make it involuntary, especially where a defendant was informed of his right not to consent and informed of his Miranda rights.") (citations omitted).

As the district court found, the interactions between Contreras and Officer Gomez appeared to be both calm and cooperative.  Shortly after receiving consent, Gomez informed Contreras of his right to withdraw his consent and his ability to stop the officers "anytime."  Moreover, Contreras interacted with only two officers who did not draw their firearms, subject him to undue force or intimidation, or advise him that his refusal would be futile.  *See Taylor*, 60 F.4th at 1243 (describing similar factors as weighing in favor of finding voluntariness of consent).  Based on these circumstances, we cannot conclude that the district court clearly erred in finding that Contreras voluntarily consented to a search of the vehicle.

3.      Finally, we reject Contreras's challenge to the duration of the traffic stop based on post-consent inquiries.  *See Katz v. United States*, 389 U.S. 347, 358 n. 22 (1967) ("A search to which an individual consents meets Fourth Amendment requirements.") (citations omitted).  Contreras does not challenge the scope of the search nor argue that he was unable to withdraw his consent.  *See United States v. McWeeney*, 454 F.3d 1030, 1033–34 (9th Cir. 2006) (explaining that a suspect is free, after initially giving consent to a car search, to delimit or withdraw his

4

consent at anytime).  Officers discovered the loaded magazine and firearm approximately five minutes into the car search and twelve minutes into the traffic stop.  Nothing in the record indicates that the officers conducted the vehicle search in an objectively unreasonable manner.[1]

**AFFIRMED.**

---

[1] Because we conclude that the traffic stop was not unreasonably prolonged, we need not decide whether search of the vehicle was justified by independent reasonable suspicion or under the inevitable discovery doctrine.